## No. 5335.

### UNION WOOD PRESERVING COMPANY VS. W. H. BELL.

29    12|
:113   475|

The Superior District Court has not jurisdiction of a case to which a corporation is a party, except when the corporation has been organized under a special act of the Legislature.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J. George W. Christy*, for plaintiffs and appellees. *Lacey & Butler*, for defendants.

The opinion of the court was delivered by DEBLANC, J.

This suit was filed in the Superior District Court for the parish of Orleans on the fourteenth of January, 1874, by the Union Wood Preserving Company against William H. Bell, to recover the first, second, and third installments alleged to be due by him on seventy-five shares of the capital stock of said company.

The Union Wood Preserving Company wes dissolved after the institution of this suit, and the commissioners appointed to liquidate its affairs

filed an appearance in said suit and adopted as theirs the prayer of the original petition.

On the seventh of February, 1874, defendant answered to plaintiff's demand, and on the twenty-fourth of April filed an exception in which he contends that "the Superior District Court was without jurisdiction to hear and determine said cause, for the reason that the Union Wood Preserving Company has not been established by act of the General Assembly of the State of Louisiana."

The Superior District Court is in reality but the continuation under another name of the Eighth District Court. Its jurisdiction before the repeal of its previous title was general as to certain cases, exclusive as to others. Under its new title its jurisdiction is limited and exclusive. It embraces, among other and specified cases, those "in which any corporation established by act of the General Assembly and domiciled in the parish of Orleans shall be a party."

The seventh section of the act changing the title of said court directs that "all suits and proceedings, and the records thereof, now depending in said Eighth District Court which are not by the provisions of this act transferred to the Superior District Court, are hereby transferred to the Fifth District Court for the parish of Orleans."

The jurisdiction of said court is clearly defined; the cases which it can hear and determine are specially mentioned; and as to all others it is entirely divested of jurisdiction. It was so divested not merely by the repeal of the law under which it exercised a general jurisdiction, but by the provisions in the aforesaid act, which direct "the transfer to the Fifth District Court of suits and proceedings then pending in the Eighth District Court and which no longer appertained to its exclusive jurisdiction after it was called the Superior District Court."

The Union Wood Preserving Company was a corporation, but was it a corporation established by act of the General Assembly? It was not so established, but formed by notarial act under the law providing for the organization of certain corporations in the State of Louisiana, and defendant's exception must prevail.

There was no reason, it seems, to distinguish between a corporation formed by notarial act, and under the general law, and one established by a special act of the Legislature; but, howsoever unreasonable it may be, that distinction is made; for the statute not only mentions the cases transferred to and to be filed in said court, but expressly transfers and excludes all others from its jurisdiction.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be and it is hereby annulled, avoided, and reversed, and plaintiff's action dismissed as in case of nonsuit at his costs in both courts.